UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
         v.                         )
                                    )   Criminal No. 00-0064 (PLF)
CALVIN WARD,                        )
                                    )
         Defendant.                 )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's Motion for Miscellaneous Relief ("Defendant's Motion").[1] The defendant asks the Court to make a recommendation to the Bureau of Prisons ("BOP") to reduce his sentence on the basis of his participation in the Bureau of Prisons' Residential Drug Abuse Program. Def.'s Mot. at 1. The government opposes the motion. Gov. Opp. at 1.

As the government correctly points out, 18 U.S.C. § 3621(e)(2)(B) vests in the BOP the power to reduce a sentence on the basis of a prisoner's successful completion of a residential substance abuse treatment program. See Lopez v. Davis, 531 U.S. 230, 241 (2001) (noting that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau [of Prisons] has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"). This Court has no power to compel BOP to exercise

---

[1] The papers submitted in connection with this matter are Defendant's Motion [64]; Government's Opposition to Defendant's Motion for Miscellaneous Relief ("Government's Opposition") [66]; Defendant's Reply to Government's Opposition to Defendant's Motion for Miscellaneous Relief ("Defendant's Reply") [67]; and Defendant's Supplemental Memorandum in Support His [sic] Motion for Miscellaneous Relief ("Defendant's Supplement") [68].

or not exercise that authority.  See United States v. Coates, 295 F. Supp. 2d 11, 22 (D.D.C. 2003) (observing that "the decision to grant an early release under 18 U.S.C. § 3621(e)(2)(B) lies with the BOP, not with the Court").  Under BOP regulations, a prisoner whose offense involved carrying a firearm is categorically excluded from eligibility for early release notwithstanding his or her participation in a drug treatment program.  See 28 C.F.R. § 550.58(a)(1)(vi)(B).  This categorical exclusion was upheld by the Supreme Court in Lopez v. Davis, 531 U.S. at 244.

Defendant does not attack the legitimacy of the exclusion or its application to him.  Nor does defendant contend that this Court may revise his plea agreement, which included an enhancement for possession of a dangerous weapon in the course of committing the drug offense to which he pled guilty.  See Def.'s Reply at 1-2.  Defendant merely invites the Court to issue a recommendation to the BOP "in light of [Mr. Ward's] demonstrated commitment to rehabilitation."  Id. at 2.  The Court acknowledges Mr. Ward's commitment to rehabilitation.  This decision belongs to the BOP, however, and the Court perceives no extraordinary circumstances that would justify its involvement.  Accordingly, it is hereby

ORDERED that defendant's Motion for Miscellaneous Relief [64] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 7, 2007